FIRST HERITAGE CORPORATION, a Michigan corporation, Plaintiff,

v.

NATIONAL ASSOCIATION OF SECURITY DEALERS, INC., a Delaware corporation, Robert Volger, Peter S. Viviano, and Harold I. Gach, Defendants.

No. 91–CV–75400–DT.

United States District Court,
E.D. Michigan.

Feb. 5, 1992.

Stephen M. Landau, Southfield, Mich., for plaintiff.

Wallson G. Knack, Warner, Norcross & Judd, Grand Rapids, Mich., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

HACKETT, District Judge.

On October 28, 1991, defendants filed a combined response to plaintiff's motion to remand and a motion to dismiss plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) or, in the alternative, to stay action pursuant to the United States Arbitration Act, 9 U.S.C. § 3, or to compel plaintiff to proceed with arbitration. Plaintiff has withdrawn its motion to remand. For the reasons stated below, defendants' motion to dismiss hereby is granted.

### FACTS

Plaintiff was formerly a member of the National Association of Securities Dealers (NASD) and was formerly engaged in the stock brokerage business. On July 27, 1989, plaintiff commenced an arbitration proceeding against Smith, Hague and Company, now known as First of Michigan, Inc., *et al.* (hereinafter Arbitration Defendants). Hearings before a three-person arbitration panel consisting of defendants Vogler, Viviano, and Gach commenced on January 15, 1991. Pursuant to section 43 of NASD's Code of Arbitration Procedure, the arbitration panel are authorized to enter orders regarding payment of "forum fees." The fees are a deposit to somewhat defray the costs of the arbitration proceedings.

On September 6, 1991, the arbitration panel entered an interim forum fee order for plaintiff to pay $8,000 and the arbitra-

tion defendants to pay $8,000 for the sixteen sessions already conducted. A second order on September 6, 1991, stated that the hearings would be adjourned until the fees were paid. The panel denied plaintiff's request to accrue the fees pending the outcome of arbitration. Plaintiff claimed its only asset was the cause of action against Smith, Hague, et al.

Plaintiff filed a complaint against the NASD and the three arbitrators on approximately October 1, 1991, in Circuit Court for the County of Wayne. Plaintiff claimed that defendants' actions denied its due process rights under the First, Fifth, and Fourteenth amendments to the Constitution, Article I, §§ 2, 17, and 23 of the Michigan Constitution, and section 15A of the Securities and Exchange Act of 1934, codified in 15 U.S.C. § 78o–3. Plaintiff requested a permanent injunction requiring NASD and the panel of arbitrators to continue the arbitration hearings and accrue the forum fees until the panel reaches a decision.

Defendants removed the case to federal court on the basis of federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff filed a motion to remand which was later withdrawn.

On October 10, 1991, the arbitration panel issued a third order adjourning hearing sessions scheduled for October, and November, 1991, until the interim forum fees of $8,000 were paid. The order further stated that if the fees were not paid by December 31, 1991, the complaint would be dismissed without prejudice unless or until the fees were paid.

### ARGUMENTS

 Defendant argues that plaintiff is contractually bound to abide by the rules of the NASD including those set forth in the NASD's Code of Arbitration Procedure concerning forum fees. They contend that parties to an arbitration agreement may specify rules of arbitration by contract even if enforcing those rules results in a stay of the arbitration. *Volt Information Sciences, Inc. v. Board of Trustees,* 489 U.S. 468, 479–80, 109 S.Ct. 1248, 1255, 103

L.Ed.2d 488 (1989). Defendants further argue that judicial deference is appropriate and broad latitude should be given to a self-regulatory body in the determination of its rules. *See Shearson/American Express Inc. v. McMahon,* 482 U.S. 220, 234, 107 S.Ct. 2332, 2341, 96 L.Ed.2d 185 (1987). Deference is particularly appropriate since the statute requires that the Securities and Exchange Commission review the rules of a self-regulatory body such as the NASD and the SEC has approved the forum fee rule of the NASD.

Defendants contend that plaintiff cannot state a claim of due process violation under the Constitution because it cannot allege state action by NASD, which is not a government entity.

The court agrees with defendants arguments and adopts those arguments as the court's findings and conclusions. Accordingly,

IT IS ORDERED that defendants' motion to dismiss hereby is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint hereby is DISMISSED.